[Civ. No. 5815. First Appellate District, Division Two.—July 7, 1927.]

## JAMES MORRIS, Appellant, v. R. F. McKESSON, Respondent.

Horace M. Street for Appellant.

James M. Thomas for Respondent.

NOURSE, J.—Plaintiff sued for the rescission of a written contract upon the ground that the consideration as to him had failed. The cause was tried before the court sitting without a jury and resulted in findings and judgment in favor of the defendant. Plaintiff has appealed upon a typewritten record. The whole attack upon the judgment is based upon the ground that the evidence is insufficient to support it.

On May 15, 1923, the parties entered into a written contract agreeing to form a corporation for the purpose of conducting a furniture jobbing business, together with a "chair finishing plant." The respondent was at the time engaged in the furniture jobbing business, the goodwill of which he agreed to turn into the new corporation in consideration of $5,000 in stock of the new corporation to be issued to him. This business it was agreed should be continued in the new corporation as the parties deemed advisable. The portions of the agreement of interest in this litigation read:

"In consideration of the foregoing and to promote new business and to continue the business already started it is understood that you are to at once cash in your securities, sufficient to invest between nine thousand ($9,000.00) dollars and ten thousand ($10,000.00) dollars available June 30th, 1923.

"It being our purpose in mind to create and develop a chair finishing plant it is understood that *this new business* will come under your direct supervision and also to help promote the sale of chairs or any other part of the business.

"It is understood and agreed that you are to receive the salary of $250.00 per month for the balance of year.

"It is understood that in the new corporation I am to hold the position of president of the corporation and general manager and that you will hold the office of secretary and treasurer or vice-president and secretary *which ever seems to be the best arrangement."* (Emphasis ours.)

The corporation was organized in due time and the appellant was elected one of a board of five directors, the other four having been selected by the respondent. This board met in due order and adopted by-laws and filled the corporate offices designated therein. Article 10 of these by-laws provided that a depository should be selected in lieu of a treasurer and this arrangement was assented to by the appellant and the by-laws were signed by him and the other directors. Some time thereafter the appellant paid into the corporation the sum of $9,100, for which stock was issued to him and he continued to serve in the office of vice-president and director of the corporation to which he had been elected at the original meeting. In the latter part of the year 1923 he suggested to the respondent that the

agreement had provided that he should be elected treasurer, and on December 12, 1923, the respondent's counsel addressed him a letter calling attention to this fact and informing him that if he still desired to make the change from a bank depository to an individual treasurer he should communicate with him so that the directors might amend the by-laws and proceed to have him appointed treasurer. No answer was made to this letter, but the appellant continued to act as before until about March 3, 1924, when, becoming dissatisfied with the financial arrangements, he gave written notice to the respondent of his intention to rescind the contract.

On this appeal it is argued that the respondent did not act in good faith in failing to have the appellant elected treasurer of the company and in failing to establish the chair finishing plant mentioned in the contract. These are the two grounds of rescission upon which the complaint was based, and the trial court in both instances found adversely to the appellant. As to the first ground urged it will be noted that the agreement was that the appellant should hold the office of secretary and treasurer or vice-president and secretary "whichever seems to be the best arrangement." It did not, as alleged in the complaint, provide that plaintiff should hold such office as seemed to him to be the best arrangement, but the plain meaning of the contract is that this arrangement should be made by the corporation in such manner as the parties to the contract should deem best. At the first meeting of the board of directors by-laws were adopted in which it was provided that a bank should be selected as a depositary in lieu of a member of the corporation being selected as treasurer. This arrangement was assented to by appellant, who signed the by-laws, concurred in the selection of the bank as a depository, and concurred in the selection of himself for the office of vice-president. No complaint was made by the appellant to this arrangement until he became dissatisfied with the contract some six months later. In support of his appeal the appellant gives as his only explanation of his conduct the excuse that he was slightly hard of hearing and did not know all that occurred at the directors' meeting. He does not, however, claim any defect of eyesight nor make any explanation of his signature to the by-laws which eliminated

the office of treasurer, nor does he explain why, after this arrangement had been made, he continued to act without objection in the office of director and vice-president and paid into the corporation the sum of $9,100 for corporate stock, which was the full consideration to pass from him under the terms of the contract.

The second ground for rescission urged is that the respondent did not act in good faith in respect to the establishment of a chair finishing plant as a part of the activities of the corporation. The contract provided that this should be taken on as new business of the corporation in connection with the old business theretofore conducted by the respondent, and that this new business should come under the direct supervision and promotion of the appellant. Throughout the appeal the appellant insists that the establishment and promotion of this new business was a duty imposed upon the respondent and the failure of the respondent to establish this new business prior to September 1, 1923, is put forward as a breach of the contract on respondent's part. The explanation of the failure to establish this new business is that the corporation had entered into a written lease with the owner of a building which was to be altered to suit the purposes of the corporation. The alterations in this building were delayed through no fault of the corporation and possession for the purpose of conducting the chair finishing business was not delivered to the corporation until March, 1924. All the testimony shows unmistakably that this delay was wholly the fault of the owner of the building and that if either party to the agreement is to be charged with culpability in permitting delay in the completion of the building or in failing to establish a chair finishing business, that charge rests with the appellant, upon whom the duty was imposed under the contract.

The argument is also made that because of respondent's failure to have the appellant elected treasurer of the corporation and because of his bad faith in failing to establish the chair finishing business the appellant's stock in the corporation became valueless. In support of this contention no evidence is cited and we have been unable to find any in the record. It is said the trial court found that the stock did not have any market value, but this statement is

not supported by the record. By inserting a quotation mark in the finding, which does not appear in the original transcript, the appellant has made it appear that the trial court had found that this stock did not have any market value, whereas the original finding in the transcript discloses that the trial court found to the contrary.

Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurred.